UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |  |
|---|---|---|
| | ) | |
| ANGEL RUIZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-02216 (VEC) |
| | ) | |
| | ) | **NOTICE OF MOTION** |
| KERATIN BAR | ) | |
| | ) | |
| Defendant. | ) | |
|_____| ) | |

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss plaintiff's Complaint, defendant Keratin Bar, by and through its undersigned counsel, hereby moves this Court for an order dismissing plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: July 3, 2017
      New York, New York

                                         Respectfully submitted,

                                         */s/ Lisa Alexis Jones*
                                         Lisa Alexis Jones, Esq.
                                         Lisa Alexis Jones, PLLC
                                         1 Rockefeller Plaza, 10th Floor
                                         New York, N.Y.  10020
                                         (646) 756-2967
                                         (888) 755-6778 (Fax)
                                         ljones@lisaajones.com

                                         *Counsel for Defendant Keratin Bar*

## TABLE OF CONTENTS

Page

Introduction ........................................................................................................................... 1

Background ........................................................................................................................... 1

Argument .............................................................................................................................. 2

I.    Plaintiff Has Not Stated a Claim Under Title VII......………………….………………....…4

II.   Plaintiff Has Not Stated a Claim under the Americans with Disabilities Act …..…………5

III.  Plaintiff Has Abandoned Any Claim Under the Americans with Disabilities Act that
      Defendant Failed to Accommodate Him ......……………………………………..………9

IV.   Plaintiff Has Not Stated a Claim for Unlawful Retaliation......…………………………11

Conclusion ......................................................................................................................... 40

## CASES CITED

*Ashcroft v. Iqbal*, 129 S.Ct. 1938 (2009)........................................................................3

*Bell Atl. Corp. v. Twombly* 550 U.S. 544 (2007)........................................................3, 4

*Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).............10

*Dallio* v. *Hebert*, 678 F. Supp. 2d 35 (N.D.N.Y. 2009)..................................................4

*Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98 (2d Cir. 2011)...........................................3

*Haulbrook v. Michelin N. America*, 252 F.3d 696 (4th Cir. 2001)..............................6

*Hart* v. *FCI Lender Servs., Inc.*, 797 F.3d 219 (2d Cir. 2015).....................................3

*In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007)..........................................3

*L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011)...............................2

i

*Moore* v. *City of N.Y.*, No. 15 Civ. 4578 (KPF)
2016 WL 3963120, at *6 (S.D.N.Y. July 21, 2016)..................................................4

*Rodriguez v. Loctite Puerto Rico, Inc.*, 967 F.Supp. 653 (D.P.R. 1997).........................9

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007)........................................................2

*Sosa v. N.Y. Div. of Human Rights*, No. 11 Civ. 5155 (NGG)(VVP)
2015 WL 5191205, at *13-14 (E.D.N.Y. Sept. 3, 2015)..................................9

*Stone v. City of Mount Vernon*, 118 F.3d 92 (2d Cir. 1997)......................................9

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)...................................................3

*United States* v. *Dunkel*, 927 F.2d 955 (7th Cir. 1991)...........................................4

*Vega* v. *Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015).........................3

*Weixel* v. *Bd. of Educ. of City of N.Y.*, 287 F.3d 138 (2d Cir. 2002).........................4

*Zarda v. Altitude Express*, 855 F.3d 76 (2d Cir 2017)............................................5

## STATUTES AND REGULATIONS

42 U.S.C. § 12102.......................................................................................7, 8

## EXHIBITS

Exhibit 1      -      Certificate of Service

Exhibit 2      -      Notice to Pro Se Party

Exhibit 3      -      Unpublished Opinions

ii

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                              )
ANGEL RUIZ                                    )
                                              )
        Plaintiff,                            )
                                              )
        v.                                    )          Case No. 17-cv-02216 (VEC)
                                              )
                                              )
KERATIN BAR                                   )
                                              )
        Defendant.                            )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff Angel Ruiz ("Plaintiff"), proceeding *pro se*, asserts causes of action under Title
VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("the
ADA"). Defendant Keratin Bar ("Defendant") respectfully submits this brief in support of its
motion to dismiss plaintiff's Complaint. Plaintiff's claims fail as a matter of law because his
allegations, to the extent they can be at all discerned, cannot sustain valid causes of action under
either Title VII or the ADA and are simply implausible on their face. Accordingly, defendant is
entitled to judgment and costs.

### BACKGROUND

On March 27, 2017, plaintiff filed his complaint on the court-approved form for
Complaint for Employment Discrimination. Along with that form, plaintiff submitted nearly 80

pages of supplemental documents.[1] By his form complaint and supplemental documents, plaintiff alleges that he had been employed by defendant, a hair styling salon, as a hairstylist since April 21, 2015. ECF 2-1, p.17. Plaintiff further alleges that he has a disability, celiac disease. ECF 2, p. 3. In his complaint submitted on the court-approved form, plaintiff alleges that the termination of his employment on January 5, 2016, was the product of unlawful discrimination. ECF 2, p. 2. Plaintiff further alleges that defendant discriminated against him "because of [his] physical appearance." Plaintiff also makes a claim relating to other individuals "bring[ing] chinese food [and] pizza" that he could not eat because of his celiac disease. ECF 2, p. 3. Plaintiff finally appears to allege that when he suffered an "attack" at some unknown time and presumably at the workplace, the "owner" "did not do anything" and later "mimic[ed] his attack." Id. Finally, by the complaint submitted on the court-approved form and a letter, dated March 19, 2017,  submitted to the court, plaintiff does not lodge any allegations that defendant's treatment of him was based on anything other than his disability and physical appearance, that defendant failed to provide him with a reasonable accommodation or that he was subjected to unlawful retaliation. Id.

## ARGUMENT

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded

---

[1] Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleadings and may be considered on a motion under Rule 12(b)(6) without converting the motion to a motion for summary judgment. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). To the extent that particular allegations in the Complaint are contradicted by the documents attached to or integral to the complaint, such allegations should be disregarded. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)(noting that courts need not presume the truth of a plaintiff's allegations when they are "contradicted" by documentary evidence" attached to or integral to the complaint).

factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). In this regard, a complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. *See, e.g.*, *Hart* v. *FCI Lender Servs., Inc.*, 797 F.3d 219, 221 (2d Cir. 2015) (citing Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")).

To be sure, "while *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to '[nudge a plaintiff's] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (per curiam) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To survive a motion to dismiss, "a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination." *Twombly*, 550 U.S. at 569 (quoting *Swierkiewicz* v. *Sorema N.A.*, 534 U.S. 506, 508 (2002)). Rather, at the pleading stage, "a plaintiff 'need only give plausible support to a minimal inference of discriminatory motivation.'" *Vega* v. *Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015).

Finally, when ruling on a motion to dismiss a *pro se* plaintiff's complaint, district courts are instructed to "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel* v. *Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002). Nonetheless, even a *pro se* plaintiff's factual allegations must be at least "enough to raise a right to relief above the speculative level" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Moreover,

> while this special leniency may somewhat loosen the procedural rules governing the form of pleadings (as the Second Circuit very recently observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Rules 8, 10 and 12. Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Rules 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.  Stated more plainly, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."

*Dallio* v. *Hebert*, 678 F. Supp. 2d 35, 55-56 (N.D.N.Y. 2009).

Defendant has done its best to discern plaintiff's claims of discrimination, but these tasks have been complicated by plaintiff's inclusion of some 80 pages of exhibits, many of which contradict plaintiff's arguments. *See United States* v. *Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)( "[j]udges are not like pigs, hunting for truffles buried in briefs").

I.    Plaintiff Has Not Stated a Claim Under Title VII

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII does not, however, bar disability discrimination. *Moore* v. *City of N.Y.*, No. 15 Civ. 4578 (KPF), 2016 WL 3963120, at *6 (S.D.N.Y. July 21, 2016). Nor does it bar discrimination on

the basis of physical appearance to the extent that such allegations are unrelated to the inherent physical characteristics of a protected class or disability. Moreover, at the time of the filing of this brief, a claim for discrimination based upon sexual orientation is not cognizable under Title VII in this Circuit. *Zarda v. Altitude Express*, 855 F.3d 76 (2d Cir 2017).

Giving his complaint the broadest possible interpretation, plaintiff makes not even threadbare claims for relief under Title VII. Indeed, plaintiff failed to make any allegation that he is a member of a protected class or the basis of his claim other than "disability." ECF 2, p. 3. Plaintiff, further, has not articulated in his complaint how his "physical appearance" is connected to any protected characteristic. Moreover, plaintiff's statement to the court submitted with his complaint fails to shed any additional light as to the basis of his Title VII claim. See ECF 2, p. 11. Finally, though plaintiff checked the box for discrimination based on sex in his Charge of Discrimination [ECF 2-1, p. 40], his references to such discrimination appears to be based upon his sexual orientation or disability. In short, even if plaintiff had actually pled sex discrimination based upon either his sexual orientation or his physical appearance connected to his sexual orientation in his civil complaint, he still cannot state a claim for which relief can be granted, and his claim under Title VII must be dismissed.

II.     Plaintiff Has Not Stated a Claim Under the Americans With Disabilities Act

Plaintiff further alleges in his complaint that his termination on Janury 5, 2016, violated the ADA. Plaintff's civil complaint makes no mention of the circumstances of his termination. Rather, in the March 19, 2017, letter to the court, plaintiff appears to essentially claim that defendant changed a salon product that caused him to become ill, he went out sick and when he returned he was fired. ECF 2, p. 11.

5

As plaintiff correctly raises in his supporting documents, defendant made a legitimate business decision to discontinue the use of a certain product, replaced it with a safer and milder hair product and directed its staff to use it. Plaintiff complained. Nowhere in his complaint or supporting documents does plaintiff allege that his celiac disease prevented him from using the new product, as opposed to some other non-disclosed sensitivity. ECF, 2-1, p. 18 ¶16. Nevertheless, when plaintiff complained, defendant accommodated him by not requiring him to perform certain hair treatments that required the use of the new product formulation. Defendant also directed plaintiff to discontinue using the old formulation, a direction plaintiff appears to concede he consistently refused to abide by. ECF 2-1, p. 18, ¶15.

On December 26, 2015, plaintiff did not show up for work. He did not call in to report his absence. ECF 2-1, p. 19 ¶17. Nor did plaintiff provide defendant with any doctors note or other explanation for his absence and it had not been the first time he had simply not shown up for work. ECF 2-1. p. 18 ¶14. On January 6, 2016, defendant told plaintiff that when he returned to work, it was expected that he would abide by all company policies, including those related to work attendance, use of only approved products and attendance at mandatory staff meetings. Plaintiff refused to provide any such assurance. ECF 2-1, p. 18 ¶12; p. 19 ¶17-19.

To establish disability wrongful discharge, plaintiff must show that (1) he was within the ADA's protected class; (2) he was discharged (3) at the time of his discharge, he was performing the job at a level of his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. America*, 252 F.3d 696 (4th Cir. 2001). Pursuant to the ADA, the term "disability" means "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C)

6

being regarded as having such an impairment." *See* 42 U.S.C.A. § 12102(1).

Here, for purposes of this motion, defendant does not dispute that plaintiff has been diagnosed with celiac disease, an autoimmune disorder in which consumption of the protein gluten (found in wheat, barley and rye) causes permanent damage to the surface of the small intestines. ECF 2, p. 16. Nor does defendant dispute that celiac disease can be a disability under the ADA. See 42 U.S.C. § 12102(2)(A).

Celiac disease, however, is also considered an "invisible disability" under the ADA that is not readily ascertainable by physical appearance. "Invisible disabilities" is an umbrella term that captures a whole spectrum of hidden disabilities or challenges. In making a claim that defendant knew he suffered from celiac disease, plaintiff states that "when he was first hired [he] disclosed [his] 'health issues.'" ECF 2, p. 11. Plaintiff, however, has submitted documents with his complaint, including sworn affidavits from his supervisors that contradict a claim that defendant knew of his celiac disease diagnosis. See ECF 2-1, p. 14, 24, ¶4-5, 27. Even if plaintiff's allegation on this score should be credited, plaintiff has and cannot allege that the circumstances of his termination were at all related to his disability. After all, plaintiff has and cannot allege that his celiac disease prompted an adverse action from the new product formulation and, accordingly justified his refusal to discontinue using the old product as directed. Nor has plaintiff asserted that his absence without leave in the days leading up to his termination was the result of his celiac disease. Plaintiff does not make this claim because he admits that defendant did not fire him because of his celiac diagnosis.

Rather, plaintiff alleges in his supporting documents that he was told by his supervisor

that he was being fired not for celiac but for "his other disease." ECF 2, p. 13, 40; 2-1, p. 8.[2] In short, plaintiff bizarrely claims, without evidence, that defendant for some unknown reason "regarded him" as having HIV and, notwithstanding the fact that plaintiff was not HIV-positive, terminated him because of *this* perceived disability. Plaintiff's averment that defendant "regarded" him as being HIV-positive when he was not and therefore was fired because of that belief is inconceivable. 42 U.S.C. § 12102(3)(A).

As an initial matter on this score, plaintiff's written complaint alleges that he is disabled as a result of his celiac disease. Plaintiff did not aver that he had been perceived as being HIV-positive, and, accordingly has waived a claim for discrimination based upon the perceived disability of HIV. In addition, even if he has not waived such a specious claim, plaintiff has incorporated in his complaint affidavits from his supervisors and co-workers that flatly contradict his assertion that defendant ever perceived him as being HIV-positive or fired him because it thought he was. See Affidavits of Jerry Chee, ECF 2-1, pp. 17-19; Affidavit of Seve Curl, ECF 2-1, pp. 20-221 ¶9 (plaintiff confided that he believed co-workers discussed him being HIV-positive because he could "read their lips"); Affidavit of Myken Garcia, ECF 2-1, pp. 22-23, ¶17; Affidavit of Eric Eulalia, ECF 2-1, p. 27-29, ¶¶3, 4, 10-12; Supplemental Affidavit of Eric Eulalia, ECF 2-1, p. 24, ¶4-5. Cast in this light, the documents incorporated in plaintiff's complaint not only contradict his claim that he was fired because defendant for some unknown reason thought he had HIV, but his claims on this score are utterly implausible.

Finally, plaintiff's complaint is devoid of any allegations that he was performing at defendant's legitimate expectations at the time he was terminated.  Plaintiff simply did not

---

[2]Plaintiff provides a variety of versions of this conversation with his supervisor, Eric Eulalia, regarding his termination. *See e.g*., ECF 2, p. 11, 13; 2-1, pp. 7-8, 41

come to work and offered no excuse. *Rodriguez v. Loctite Puerto Rico, Inc.*, 967 F.Supp. 653, 661 (D.P.R. 1997) ("[A] basic function of any full time job is showing up for work."). Most important, plaintiff consistently refused to abide by defendant's stated and legitimate policies. Simply put, defendant was more than justified in determining that plaintiff was no longer interested in working for the company on the reasonable terms required of him.[3]

III.    Plaintiff Has Abandoned Any Claim Under the Americans With Disabilities Act that Defendant Failed to Accomodate Him

In preparing the court-approved form, plaintiff did not check the box relating to a claim for failure to accommodate. Accordingly, plaintiff has abandoned that claim. To the extent that plaintiff's supporting documents raises allegations that defendant failed to accommodate him by refusing to allow his use of the old product formulation, this allegation must, nonetheless, also fail. In order to establish a prima facie case for failure to accommodate under the ADA, a plaintiff must show "(1) that he is an individual who has a disability within the meaning of the ADA; (2) that an employer covered by the statute had notice of his disability; (3) that with reasonable accommodation, he could perform the essential functions of the position sought; and (4) that the employer refused to make such accommodations. *Stone v. City of Mount Vernon*, 118 F.3d 92, 96-97 (2d Cir. 1997).

Here, plaintiff utterly fails to allege that any purported reaction to the old formulation was due to his celiac disease. Nor, most important does plaintiff allege that the accommodation that defendant did provide him was unreasonable and that it prevented him from performing the essential functions of his position as a hairstylist. *See Sosa v. N.Y. Div. of Human Rights*, No. 11

---

[3] Plaintiff also raises various assertions (e.g. bringing pizza into the workplace) that, even if true, are no more than the petty slights or minor annoyances that often take place at work and that all employees experience.

Civ. 5155 (NGG)(VVP), 2015 WL 5191205, at *13-14 (E.D.N.Y. Sept. 3, 2015) (holding that the plaintiff failed to state a prima facie case of failure to accommodate where accommodations were granted). In short, plaintiff has not made any non-conclusory allegations that would remotely entitle him to any relief whatsoever.

IV.   <u>Plaintiff Has Not Stated a Claim for Unlawful Retaliation</u>

Once again, plaintiff did not check the box on the court-approved form nor does he raise any issues relating to unlawful retaliation in his supporting letter written to the court. ECF 2, p. 11. Accordingly, plaintiff has abandoned any claim that defendant unlawfully retaliated against him for his engaging in protected activity under the ADA. To the extent, however, that his supporting documents may be construed as asserting a claim of retaliation, plaintiff's complaint fails to allege facts that are plausible on their face.

It is well-settled that in order to state a prima facie case of retaliation, a plaintiff must show that (1) he engaged in protected activity; (2) the defendant knew of this protected activity; (3) he suffered an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 57 (2006).

Plaintiff's supporting documents appear to assert that at some unknown date after his March 1, 2016 EEOC filing, he received derogatory texts and messages on his public social media accounts. Plaintiff fails to allege when these messages were received. Nor does plaintiff aver that defendant knew or should have known of his protected activity at whatever time these messages were received by him or offer any non-conclusory statements that the messages were sent by defendant or any agent of defendant's. In short, plaintiff has abandoned any claim for retaliation, and whatever claim he might have does not remotely state a claim.

10

## CONCLUSION

For   the  foregoing  reasons,  defendant  respectfully  requests  that  the  Court  dismiss

plaintiff's complaint with prejudice and for judgment of an award for costs in favor of defendant

against plaintiff.

Dated: July 3, 2017

                                        Respectfully submitted,

                                        */s/ Lisa Alexis Jones*
                                        Lisa Alexis Jones, Esq.
                                        Lisa Alexis Jones, PLLC
                                        1 Rockefeller Plaza, 10th Floor
                                        New York, N.Y.  10020
                                        (646) 756-2967
                                        (888) 755-6778 (Fax)
                                        ljones@lisaajones.com

                                        *Counsel for Defendant Keratin Bar*

11