**BORRELLI & ASSOCIATES**
P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

March 18, 2019

<u>Via ECF</u>
The Honorable Valerie E. Caproni
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: <u>Ruiz v. Keratinbar, Inc.</u>; Case No. 17-cv-02216 (VEC)

Dear Judge Caproni:

  This firm represents Plaintiff Angel Ruiz in the above-referenced matter. As of February 15, 2019, Defendant's motion for summary judgment and Plaintiff's cross-motion for leave to amend the complaint and join a new party have been fully submitted and are pending decision. On March 6, 2019, the Second Circuit issued an opinion in the case of *Christopher Fox v. Costco Wholesale Corporation*, 15-cv-439, 2019 WL 1050643 (2d Cir. Mar. 6, 2019). The *Fox* holding directly relates to and should control the Court's analysis with respect to Plaintiff's hostile work environment claim under the Americans with Disabilities Act ("ADA"). We thus write to bring this case to the Court's attention and to explain, briefly, its applicability to the matter at hand.

  First, in *Fox*, the Second Circuit, for the first time, held that a hostile work environment claim under the ADA exists, an issue that both the Second Circuit and lower courts had previously assumed without deciding. P's Memo. Law, p. 26 (ECF Doc. 89). Specifically, the court wrote: "[w]e now join our sister Circuits and hold that hostile work environment claims are cognizable under the ADA." *Fox*, 2019 WL 1050643, at *1. Thus, were there previously doubt that such a claim existed, that is no longer the case.

Moreover, after holding that such a claim was legally cognizable, in reversing the district court's decision to grant summary judgment to the defendant on that claim, the Second Circuit found the facts adduced to be sufficient to meet the relevant standard. Specifically, the Second Circuit noted that a plaintiff alleging "hostile work environment claims under the ADA . . . 'must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment.'" *Id.* at \*6 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The Second Circuit then rejected the notion that to survive a summary judgment motion, a plaintiff is required to set forth with specificity the frequency of offensive comments and who uttered them. *Id.* at \*7. Because the *Fox* plaintiff had testified that his co-workers, whom he identified, had repeatedly articulated "hut-hut-hike" remarks that mocked his disability (Tourette's Syndrome), he thereby raised: "a material issue of fact as to whether [the defendant's] employees engaged in ongoing and pervasive discriminatory conduct." *Id.* at \*6.

Plaintiff's allegations here are more concrete and both more severe *and* pervasive (even though only one is required) than those that the Second Circuit found to be sufficient to survive summary judgment in *Fox*. Indeed, like in *Fox*, in this matter, Plaintiff presented his allegations through his deposition testimony, which does not render them "only conclusory assertions" as Defendant argued in its motion. *See Fox*, 2019 WL 1050643, at \*2; Def's Memo. Law, p. 10 (ECF Doc. 92) ("Ruiz makes only conclusory assertions that comments by his coworkers happened 'weekly'"). Similarly, Plaintiff identified his (now former) co-workers who articulated multiple humiliating comments throughout his employment, such as that he suffered from the human immunodeficiency virus, an incurable sexually transmitted disease with pervasive negative social stigmas, called him by feminine pronouns, and placed PrEP pills at his workstation and then shouted "Now you can have bareback sex." These are both pervasive and severe incidents, which do not merely create "an unpleasant work environment." *See* Def's Memo. Law, p. 22. (ECF Doc. 77) (Despite the foregoing examples, Defendant incomprehensibly argues that: "Ruiz is still utterly unable to demonstrate that the conduct alleged rose the level of pervasive hostility that is required to survive summary judgment"). These incidents are inarguably more egregious than those that the Second Circuit permitted to proceed to trial in *Fox*.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Gil Auslander, Esq.
*For the Firm*

C:  All Parties (*via ECF*)