USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/10/2023

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ANGEL RUIZ,                                              :
                                                         :
                            Plaintiff,                   :
                                                         :          17-CV-2216 (VEC)
                   -against-                             :
                                                         :              ORDER
                                                         :
KERATINBAR INC. and 1976 HEALTHCARE INC.,                :
                                                         :
                            Defendants.                  :
------------------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Angel Ruiz ("Plaintiff"), a hairstylist, sued Defendants KeratinBar Inc. and 1976 Healthcare Inc. ("Defendants"), his alleged former employers, for employment discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as for employment discrimination, hostile work environment, and failure to accommodate a disability under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq*. *See* Compl., Dkt. 2; Second Am. Compl., Dkt. 98. For the following reasons, this case is DISMISSED for failure to prosecute.

## BACKGROUND

Plaintiff commenced this action *pro se* on March 27, 2017. *See* Compl. He eventually retained counsel on a contingency fee basis. *See* Opinion & Order, Dkt. 158, at 1 (citing Borrelli Decl., Dkt. 153, ¶ 5). Over the ensuing three years, the case wound its way through the stages of litigation, until it became ripe for trial.

On March 25, 2020, less than a month before jury selection was scheduled to begin, the Court adjourned trial in light of the public health crisis posed by the COVID-19 pandemic. *See*

Order, Dkt. 132. That adjournment was extended *sine die* on May 12, 2020, when it became clear that the pandemic showed no sign of ending soon. *See* Order, Dkt. 139.[1]

On October 5, 2020, Plaintiff's counsel moved to withdraw due to a complete breakdown in the attorney-client relationship; Plaintiff purportedly "verbally harassed, insulted, demeaned, berated, and cursed at" firm employees despite warnings that such behavior would lead to counsel's withdrawal. *See* Not. of Mot., Dkt. 152; Borrelli Decl., Dkt. 153, ¶ 2. Plaintiff accused counsel of a variety of wildly inappropriate conduct, including negligently and intentionally endangering Plaintiff's life and causing him to suffer significant medical incidents including seizures and near-fatal allergy attacks. *See* Letters, Dkts. 156–57. On December 3, 2020, the Court granted counsel's motion to withdraw. *See* Opinion & Order, Dkt. 158.

In or around December 2020, Plaintiff began repeatedly calling chambers and accusing the Court of bias. *See* Order, Dkt. 160. On December 8, 2020, the Court denied Plaintiff's apparent request that the Court recuse itself and ordered Plaintiff to refrain from calling chambers. *Id.* On January 5, 2021, Plaintiff filed a letter once again accusing his former counsel and the Court of misconduct. Plaintiff also indicated that he could not find counsel to represent him in this case and that he was too ill to represent himself. The Court reiterated that Plaintiff's former counsel had been terminated and that he should only communicate to the Court through the Pro Se Office. It also encouraged Plaintiff to register as a user on the ECF system to facilitate his self-representation. *See* Letter & Order, Dkt. 161.

Over the next two years, Plaintiff took no action to move his case forward. Meanwhile, the Court gradually resumed in-person proceedings as the COVID-19 pandemic abated.

---

[1] The parties engaged in settlement discussions in July 2020, but were unable to resolve the matter. *See* Opinion & Order, Dkt. 158, at 2.

On March 8, 2023, in light of Plaintiff's failure to move the case forward or to hire new counsel, the Court ordered the parties to appear for an in-person status conference. *See* Order, Dkt. 162. Plaintiff repeatedly called chambers in tears, and Plaintiff eventually told chambers staff that he would not be able to attend the proceeding; the Court canceled the conference and required the parties to submit a joint letter indicating whether either side objected to the Court staying the case until Plaintiff notified the Court that he was prepared to proceed to trial or that he wished to dismiss the action. *See* Order, Dkt. 163.

On April 6, 2023, and April 10, 2023, the Court received letters from Plaintiff making disturbing accusations against counsel and the Undersigned, including that, when Plaintiff was purportedly assaulted by a group of police officers in the courthouse, the Undersigned took steps to hide the assault from law enforcement. *See* Letters, Dkt. 164–65. Plaintiff also suggested that he was not prepared to proceed *pro se*. *Id.*

In light of Plaintiff's letters, the Court invited Plaintiff to file a request for the Court to seek pro bono counsel to represent him. *See* Order, Dkt. 166. Plaintiff made a request for counsel, and the Court directed the Pro Se Office to inquire as to the availability of pro bono representation. *See* Application, Dkt. 167; Order, Dkt. 168. The Court emphasized to Plaintiff, however, that his application "would not guarantee appointment of pro bono counsel"; the Court also required any volunteer attorney to file a notice of appearance by June 16, 2023. *See* Orders, Dkts. 166, 168. To date, no counsel has volunteered to represent Plaintiff.

On June 23, 2023, the Court ordered Plaintiff to submit a letter by July 14, 2023, stating whether he was prepared to proceed to trial or whether there were other grounds for the Court not to dismiss his case for failure to prosecute, or whether he wished voluntarily to dismiss the case. *See* Order, Dkt. 169. That same day, the Court received a letter from Plaintiff indicating

3

that he had reported the Undersigned to the Second Circuit and to the New York Commission on Judicial Conduct for alleged misconduct.  *See* Letter, Dkt. 170; *see also* Letter, Dkt. 171.

On June 30, 2023, Plaintiff filed a purported third amended complaint against his former counsel, former defense counsel, federal police, John Does, and the Undersigned, reiterating accusations in his previous letters to the Court.  *See* Letter, Dkt. 172.  Plaintiff subsequently informed the Court that he planned on representing himself and trying the case virtually given his disability and "traumatic" experience at the courthouse.  *See* Letter, Dkt. 173.

On July 11, 2023, the Court denied Plaintiff's request to try the case remotely and indicated that, if Plaintiff sought to pursue the action, he needed to attend Court proceedings in person unless he could provide a doctor's note or other credible evidence substantiating his purported inability to attend proceedings.  *See* Order, Dkt. 174.  The Court scheduled an in-person status conference for August 9, 2023, and warned Plaintiff that failure to attend the hearing without a valid excuse would serve as grounds for dismissal of this action for failure to prosecute.  *Id.*[2]

Over the following weeks, Plaintiff submitted several letters to the Court reiterating his past allegations of abuse and misconduct, and purporting to justify his refusal to appear for the August 9, 2023, proceeding in person.  *See* Letters, Dkts. 175, 177, 178.  Plaintiff also repeatedly called chambers in tears asserting that he could not appear in Court.  The only evidence Plaintiff proffered in support of his request to appear remotely was a March 3, 2021, letter from a nurse practitioner asserting that Plaintiff had "health conditions that render[ed] him unable to travel" and made him "more vulnerable to COVID-19 infection."  *See* Letter, Dkt. 175, at 4.  The Court

---

[2]     The Court also directed the Clerk of Court to strike Plaintiff's purported third amended complaint from the docket because it was filed without leave of Court and asserted an entirely different action against an entirely new group of defendants.  The Court directed Plaintiff to file a separate action to the extent he sought to pursue the allegations in his purported amended complaint.  *See* Order, Dkt. 174.

repeatedly informed Plaintiff that his proffered evidence was insufficient to justify any failure to appear at the scheduled hearing, which would take place more than two years after his medical provider's note had been issued, and which did not require travel. The Court also reiterated that Plaintiff's failure to appear without a valid excuse could result in dismissal of this action for failure to prosecute. *See* Orders, Dkts. 176, 179, 180.

On August 9, 2023, Plaintiff failed to attend the scheduled status conference. Defendants indicated at the hearing that they did not oppose dismissal of the action without prejudice for failure to prosecute.

Although Plaintiff has now submitted more fulsome medical records to the Court, filed under seal, the most recent encounter record was dated March 18, 2021, and it did not address Plaintiff's present ability to attend the scheduled proceeding. Plaintiff's submission included a July 19, 2023, note from a nurse practitioner at the Callen-Lorde Community Health Center ("Callen-Lorde"). The note stated that Plaintiff "ha[d] been seen" at Callen-Lorde "in the past" and that he has "multiple health conditions that *according to [Plaintiff]*" render him "unable to travel." *See* Note, Dkt. 181 (emphasis added).

## DISCUSSION

A district court may dismiss an action *sua sponte* "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). When deciding whether to dismiss a case for failure to prosecute, courts should consider: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's

5

interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (internal quotation marks and citation omitted). "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). Although district courts "should be especially hesitant to dismiss for procedural deficiencies" if the plaintiff is *pro se*, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), "even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning," *King v. Garcia*, No. 21-CV-09118 (PMH), 2023 WL 3724982, at *3 (S.D.N.Y. May 30, 2023) (internal quotation marks and citation omitted).

   This case has been at a standstill since March 2020.  Although part of that delay is attributable to the COVID-19 pandemic and Plaintiff's breakdown in communication with former counsel, Plaintiff failed to take any action to move this case forward long after counsel was terminated and the pandemic began to recede.  When the Court scheduled a status conference five months ago in the hopes of moving the case to trial, Plaintiff made accusations against former counsel and the Undersigned instead of either appearing as required or credibly substantiating why he could not come to Court.  The Court nevertheless gave Plaintiff the opportunity to request pro bono counsel; when that request did not yield representation, Plaintiff rehashed the same incredible accusations.  Despite the Court's repeated warnings that failure to appear at the August 9, 2023, status conference without a valid excuse could result in dismissal of this action, Plaintiff chose not to attend the proceeding.

   The medical note provided to the Court by Plaintiff, dated July 19, 2023, does not provide "credible evidence," Order, Dkt. 176, that Plaintiff is medically unfit to attend a court proceeding.  It is evidence only that Plaintiff told the medical provider that Plaintiff believes he

is medically unable to attend court — the Court has never questioned the fact that Plaintiff believes he is unable to come to court.

In light of Plaintiff's repeated and longstanding failure to obey Court orders, appear for proceedings, or propose any workable way to try this case, dismissal without prejudice is appropriate. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 193–96 (2d Cir. 1999) (affirming dismissal for failure to prosecute where, *inter alia*, the plaintiff "failed to prosecute his lawsuit over a prolonged period," was given notice that further delays would result in dismissal, and prejudice against defendants could be "presumed" given the plaintiff's delay (citation omitted)); *Bellas v. Richmond Cty. Ambulance Serv. Inc.*, No. 15-CV-2192 (JBW), 2015 WL 9948256, at *2–3 (E.D.N.Y. Dec. 22, 2015) (dismissing for failure to prosecute in part because the plaintiff did not appear at a scheduled hearing after being warned that failure to attend would serve as grounds for dismissal and collecting cases), *report & recommendation adopted*, 2016 WL 416370 (E.D.N.Y. Feb. 2, 2016); *Feurtado v. City of N.Y.*, 225 F.R.D. 474, 481 (S.D.N.Y. 2004) (dismissing for failure to prosecute despite the plaintiff's *pro se* status because "he was warned of the consequences of disobeying the Court's Orders, and his conduct . . . effectively prevented th[e] case from going forward").

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice for failure to prosecute.

The Clerk of Court is respectfully directed to close any open motions and to close the case. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff Angel Ruiz at 1 Metropolitan Oval, Apt. 3E, Bronx, NY 10462, and to note the mailing on the docket.

**SO ORDERED.**

Date: August 10, 2023
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**